■ NOSTRAND GARDENS COOPERATIVE, INC., Appellant, v PHYLLIS BALL et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendants must offer their shares of stock in a cooperative apartment to the plaintiff, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), entered October 29, 1986, which denied its motion for summary judgment, granted the defendants' cross motion for summary judgment and declared that the plaintiff could only repurchase the defendants' stock at the rate established under a resale policy put into effect by the plaintiff on December 1, 1985.

Ordered that the judgment is affirmed, with costs.

This controversy involves a dispute over the amount to be paid to the estate of a deceased stockholder of cooperative shares of an apartment. The tenant stockholder died on August 21, 1985, and the defendants, coexecutrices of his estate, offered to sell the shares back to the cooperative pursuant to its corporate bylaws and the occupancy agreement. On the date of the tenant stockholder's death, a resale policy was in effect. However, on December 1, 1985, a new policy was implemented which provided for a greater sum to be paid for the surrendered shares. The defendants indicated their desire to sell back to the cooperative by letter dated December 1, 1985, and stated that sale was intended to be pursuant to the newly enacted resale policy. On December 12, 1985, the plaintiff indicated its intention to exercise its option to purchase the shares under the recently implemented policy. The defendants paid the carrying charges on the apartment as they were required to do pursuant to the mandate of the newly adopted resale policy, and as they were requested to do by plaintiff's letter of December 12, 1985; however, by letter of April 25, 1986, the plaintiff notified the estate that an error had been made in the December 12, 1985 letter and stated that it would purchase the shares under the policy in effect on the shareholder's death rather than under its current policy.

The corporate bylaws and occupancy agreement were drafted by the plaintiff and are completely silent as to when the estate of a deceased shareholder must offer the shares to the corporation under its right of first refusal. There exists no prohibition for the estate of a deceased shareholder to retain the stock indefinitely.

Traditional contract analysis is the appropriate method to resolve this controversy. The defendants were under no duty to offer the stock to the corporation within a specific time

following the tenant's demise. They offered to sell the shares of stock to the plaintiff on the date that the new resale policy took effect and the plaintiff accepted their offer at a time when the new policy was in being. As such, the contract was formed during the period of the new resale policy and, therefore, the plaintiff must pay the value of the stock calculated pursuant to the resale policy enacted on December 1, 1985.

The case law determining the right of an estate to purchase a deceased shareholder tenant's rights under a cooperative conversion plan employs analysis similarly founded upon basic contract theory as well as the application of the statutory provisions of General Business Law § 352-eeee (see, De Kovessey v Coronet Props. Co., 69 NY2d 448, rearg denied sub nom. Amsterdam Manhattan Assocs. v Estate of Leichtman, 70 NY2d 694). The cooperative conversion cases hold that when the tenant offeree dies before accepting an offer, his estate does not succeed to his rights, as the power of acceptance is terminated when the offeree dies. The present controversy differs from the line of cooperative conversion cases insofar as the offeree in this case is the cooperative board, the offeror is the estate of the decedent shareholder, and General Business Law § 352-eeee is not applicable. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.